```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
TERRI WOODS PUBLISHING, LLC,                :
                                            :
                       Plaintiff,           :
                                            :           MEMORANDUM AND ORDER
              -against-                     :           23-cv-507 (DLI)(TAM)
                                            :
AMAZON.COM, INC., AUDIBLE, INC.,            :
BLACKSTONE AUDIO INC., and URBAN            :
ADUIO BOOKS, LLC,                           :
                                            :
                       Defendants.          :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judges:**

Terri Woods Publishing, LLC's ("Plaintiff") claims for copyright infringement were dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"). *See*, *Teri Woods Publishing, LLC v. Amazon.Com, Inc.*, 2024 WL 1367954, at *8 (E.D.N.Y. March 30, 2024), *aff'd,* 2025 WL 547653 (2d Cir. Feb. 19, 2025) ("*Teri Woods I*"). Defendants Amazon.com, Inc. ("Amazon"), Audible, Inc. ("Audible"), Urban Audio Books, LLC ("UAB") (collectively, "Non-Blackstone Defendants"), and Blackstone Audio, Inc. ("Blackstone") (the four, collectively, "Defendants"), now move pursuant to Section 505 of the Copyright Act of 1976 ("Copyright Act") for attorneys' fees and costs.[1]  Mem. Support Non-Blackstone Defs.' Mot. Att'ys' Fees and Costs, Dkt. Entry No. 55-1 ("Non-Blackstone Defs.' Fee Mot."); Mem. Support Blackstone's Mot. Att'ys' Fees and Costs, Dkt. Entry No. 56-1 ("Blackstone's Fee Mot."); Wakefield Decl., Dkt. Entry No. 55-2; Mariam Decl., Dkt. Entry No. 56-2; Pringle Decl., Dkt. Entry No. 56-4.  Plaintiff opposed the motions. Pl.'s Opp'n Blackstone's Fee Mot., Dkt. Entry No. 57 ("Plaintiff's Opp'n

---

[1] Non-Blackstone Defendants' request to bifurcate their fee motion pursuant to Rule 54(d)(2)(C) was granted. May 10, 2024, Electronic Order.

1

to Blackstone"); Pl.'s Opp'n Non-Blackstone Defs.' Fee Mot., Dkt. Entry No. 58 ("Plaintiff's Opp'n to Non-Blackstone Defs.'"); Ewing Decl., Dkt. Entry No. 59. Defendants replied. Non-Blackstone Defs.' Reply, Dkt. Entry No. 60; Blackstone's Reply, Dkt. Entry No. 61. For the reasons set forth below, the motions are denied.

## BACKGROUND

The Court assumes the parties' familiarity with this case's background and procedural history as set forth in the Court's decision granting Defendants' motions to dismiss. *Teri Woods I,* 2024 WL 1367954, at \*1-\*3. The following facts are most relevant to the instant motions.

In 2018, Plaintiff entered into a licensing agreement ("Agreement") with UAB to create and distribute audiobook versions of twenty of its titles (the "Works"). Compl. ¶ 25, Dkt. Entry No. 1. Pursuant to Section I of the Agreement, Plaintiff granted UAB "exclusive unabridged audio publishing rights to manufacture . . . and distribute copies throughout the World . . . copies of unabridged readings of the [Works] . . . [through] mediums and means (now known and hereafter developed) which are capable of emitting sounds." Agrmt. at § 1, Dkt. Entry No. 1-1.

UAB assigned its rights to Blackstone, which sublicensed the rights to Amazon and Audible. *Teri Woods I*, 2024 WL 1367954, at \*7. In 2020, Defendants began distributing the Works through their subscription-based streaming services, allowing members who paid monthly subscription fees to stream or download the Works without paying to access them. Compl. ¶¶ 30-31. Plaintiff alleged that these subscription models caused it to receive substantially less in royalties than it should have received pursuant to the Agreement. *Id.* ¶¶ 32-33, 37-42, 46-53.

In 2023, Plaintiff commenced this action asserting copyright infringement claims against all Defendants and breach of contract claims against UAB. *See generally*, Compl. In particular, Plaintiff claimed that Defendants exceeded the scope of the rights granted by the Agreement and

2

infringed its copyright by: (1) distributing audiobook versions of the Works through subscription services without requiring per-unit payments; (2) allowing members to acquire the Works without making per-unit payments; and (3) authorizing members to access the Works in excerpted form. *Id.* ¶¶ 43-53, 83-86, 89-94.  Defendants moved to dismiss pursuant to Rule 12(b)(6).  *See*, *Teri Woods I*, 2024 WL 1367954, at *1.  In March 2024, the motions were granted in full.  Plaintiff's federal copyright infringement claims were dismissed with prejudice and the Court declined to exercise supplemental jurisdiction over the state law breach of contract claims.  *See*, *Terri Woods I*, 2024 WL 1367954 at *6-*8 (finding Defendants did not infringe Plaintiff's copyright because the Agreement "unambiguously" granted UAB, and the other Defendants as assignees or sublicensees, the right to distribute the Works through their subscription streaming services).

Plaintiff appealed to the Second Circuit. *See, Teri Woods Publishing, LLC v. Amazon.Com, Inc.*, 2025 WL 547653, at *5 (2d Cir. Feb. 19, 2025).  Defendants thereafter moved for attorneys' fees and costs before this Court.  Non-Blackstone Defs.' Fees Motion; Blackstone's Fees Motion.  After the parties' filed their fee motions, the Second Circuit affirmed this Court's *Teri Woods I* decision.  *Teri Woods Publishing, LLC*, 2025 WL 547653, at *5.  For the reasons set forth below, Defendants motions are denied.

## **LEGAL STANDARD**

Section 505 of the Copyright Act grants courts significant discretion to award reasonable attorneys' fees and costs to the prevailing party.  17 U.S.C. § 505; *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016).  Courts must base this determination on the totality of the circumstances and treat prevailing defendants and prevailing plaintiffs alike.  *Id.* at 1985-86 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994)).  Moreover, any decision to award attorneys' fees must further the purpose of the Copyright Act by "enriching the general public through access

3

to creative works." *Fogerty*, 510 U.S. at 527.  The Copyright Act "achieves that end by striking a balance between two subsidiary aims:  encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng*, 579 U.S. at 204.

The Supreme Court has set forth four "nonexclusive factors" for district courts to evaluate when deciding whether to award attorneys' fees pursuant to the Copyright Act: (1) "frivolousness"; (2) "objective unreasonableness"; (3) "motivation"; and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19); *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).  The "objective unreasonableness" of the losing party's litigation position "carries significant weight," but is not "controlling." *Kirtsaeng*, 579 U.S. at 208-09; *Matthew Bender & Co. v. West Publishing Co.*, 240 F.3d 116, 121-22 (2d Cir. 2001).

## DISCUSSION

### I.  Frivolousness and Objective Unreasonableness

Frivolousness and objective reasonableness "are often analyzed together, as '[t]he test for frivolousness largely duplicates that of objective unreasonableness.'" *Walsh v. Townsquare Media, Inc.*, 2022 WL 1302216, at *2 (S.D.N.Y. May 2, 2022) (citing *Boesen v. United Sports Publications*, 2021 WL 1145730, at *3 (E.D.N.Y. Mar. 25, 2021)).  Acknowledging this overlap, the parties here briefed only objective unreasonableness.  Non-Blackstone Defs.' Fee Mot. at 10-11; Blackstone's Fee Mot. at 8-12.  Thus, "there is no need for [the Court] to analyze the factors separately." *Walsh*, 2022 WL 1302216, at *2 (internal citation omitted).

A lawsuit or litigation position is objectively unreasonable if it has "no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001) (summary order); *See also*, *Porto v. Guirgis*, 659 F. Supp.2d 597, 617 (S.D.N.Y. 2009) ("A copyright infringement claim

4

is objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of legal or factual basis."). It is well settled in this circuit that dismissal of claims pursuant to Rule 12(b)(6) does not make those claims objectively unreasonable. *See*, *Boesen*, 2021 WL 1145730, at *2 ("Just because a claim is dismissed under Rule 12(b)(6) does not mean it was objectively unreasonable.") (citing *Yang v. Mic Network, Inc.*, 2020 WL 6562403, at *2 (S.D.N.Y. Nov. 9, 2020)); *Hello I Am Elliot, Inc., v. Sine*, 2021 WL 1191971, at *8 (S.D.N.Y. Mar. 30, 2021) ("The mere fact that a [party] has not prevailed does not equate with an objectively unreasonable claim."); *Pearson Educ., Inc. v. Liu*, No., 2013 WL 6916883, at *3 (S.D.N.Y. Dec. 27, 2103) ("Indeed, while defendant is correct that plaintiffs' position was untenable, it is not the case that it was objectively unreasonable from the outset.").

Defendants argue that Plaintiff's claims "relied on facially unreasonable arguments" with which this Court disagreed in *Teri Woods I*. Non-Blackstone Defs.' Fee Mot. at 3, 10-11; *See,* Blackstone's Fee Mot. at 11-12. Specifically, they contend that Plaintiff's arguments were objectively unreasonable because they contradicted the "unambiguous" terms of the Agreement. *Id.* at 10-11 (citing *Teri Woods I*, 2024 WL 1367954 at *13); Blackstone's Fee Mot. at 11. Plaintiff counters that a party's litigation position is not objectively unreasonable because it did not prevail. Pl.'s Opp'n to Non-Blackstone Defs. at 11. It asserts that its contractual interpretation arguments were reasonable, as they were supported by undisputed contractual language, applicable precedent, reasoned explanations, and parol evidence. *Id.* at 12-13.

The Court finds that Plaintiff's claims were not objectively unreasonable. In addition to "g[iving] reasoned explanations" as to Plaintiff's interpretation of the Agreement and why Defendants exceeded the Agreement's scope, Plaintiff's papers "cited applicable precedent" in support. *Yang*, 2020 WL 6562403, at *3; *See also*, *Viva Video, Inc.*, F. App'x at 80 ("[Plaintiff's]

5

inability to substantiate any of its allegations . . . does not as a matter of law require an award of fees, given the court's finding that Viva's action had some support at the time it was initiated.") (emphasis omitted); *Hello I Am Elliot, Inc.,* 2021 WL 1191971, at *8 (finding the plaintiff's position to be objectively reasonable because the "plaintiff mustered some authority" for its claims, comprising of two out-of-circuit cases).

The Court's finding that "no reasonable reading" of Section I of the Agreement could prevent Defendants from distributing the Works on subscription streaming services does not render Plaintiff's *claims* generally unreasonable. *See*, *Teri Woods I*, at *5. Indeed, "that the Court was able to interpret the [Agreement] as a matter of law does not mean that the contrary argument was clearly unmeritorious or patently devoid of support." *HarperCollins Publishers LLC v. Open Rd. Integrated Media, LLP*, 58 F. Supp.3d 380, 389 (S.D.N.Y. 2014); *See also*, *Hello I Am Elliot, Inc*, 2021 WL 1191971, at *8 ("[P]laintiffs' legal theory, while misguided, had just enough of a legal basis to avoid condemnation as objectively unreasonable."); *Hughes v. Benjamin*, 2020 WL 4500181, at *3 (S.D.N.Y. Aug. 5, 2020) ("[A] position is not unreasonable merely because it is weak.") (internal citation omitted). Here, Plaintiff's claims were colorable, even if ultimately unavailing. Plaintiff was the undisputed owner of a copyright to the Works and argued its position on contractual interpretation, supported by relevant facts and applicable law. Its claims "were not so frivolous or objectively unreasonable that no party 'could see an opening . . . through which the argument[s] could be squeezed.'" *Barcroft Media, Ltd. V. Coed Media Grp.,* LLC, 2018 WL 357298, at *2 (quoting *Small v. Implant Direct Mfg.* LLC, 2014 WL 5463621, at *3 (S.D.N.Y. Oct 23, 2024)). Therefore, this factor does not support an award of fees.

6

**II.     Motivation and Litigation Conduct**

As stated above, objective unreasonableness does not "control" a determination to award fees. *Kirtsaeng*, 579 U.S. at 208.  Courts also may consider a party's litigation misconduct or improper motivation in bringing suit. *Id.*; *See*, *Matthew Bender & Co.,* 240 F.3d at 124-25 (stating that a court may award fees if "a party's *conduct* is unreasonable").  "However, an 'award [that] essentially punishes [a party] for availing itself of a right provided by the Federal Rules' is an abuse of discretion, since '[t]o allow fees on this basis would be to deter the exercise of rights afforded to litigants in federal court.'" *Canal+ Image UK Ltd. v. Lutvak*, 792 F. Supp.2d 675, 681 (S.D.N.Y. 2011)  (quoting *Matthew Bender & Co.*, 240 F.3d at 125-27).

Defendants argue that Plaintiff acted unreasonably during litigation by "aggressive[ly] and unreasonabl[y] pursui[ng] discovery" before the Court issued its decision on Defendants' motions to dismiss, thereby creating "unnecessary work."  Non-Blackstone Defs.' Fee Mot at 12; Blackstone's Fee Mot. at 5, 17.  Defendants also assert that Plaintiff was motivated improperly because it raised copyright infringement claims only "to pursue what was, at most, a payment dispute."  Non-Blackstone Defs.' Fee Mot. at 4, 13.  Plaintiff denies being motivated improperly or litigating this case unreasonably.  Pl.'s Opp'n to Non-Blackstone Defs. at 21-23.  It also contends that it simply exercised its rights to pursue discovery.  *Id.* (citing Ewing Decl., Exs. 7-9).

As an initial matter, there is no evidence that Plaintiff was motivated improperly in bringing its claims.  Defendants merely allege that Plaintiff filed its copyright claims to pursue its breach of contract claims.  *See*, Non-Blackstone Defs.' Reply at 6; Blackstone's Reply at 6.  "[W]here a court 'has no reason to doubt that, throughout the litigation, [a party] sincerely believed that [its work] was entitled to copyright protection and pursued [its] claim for the purpose of vindicating [its] rights,' that fact 'weighs against awarding costs and attorneys' fees against [it].'" *Effie Film,*

7

*LLC v. Pomerance*, 2013 WL 1759560, at *4 (S.D.N.Y. Apr. 24, 2013) (quoting *Silverstein v. Penguin Putnam, Inc.*, 2008 WL 678559, at *4 (S.D.N.Y. Mar. 12, 2008)).

Additionally, Defendants' characterization of Plaintiff's behavior as aggressive and unreasonable is unpersuasive. After Defendants' motions to dismiss were fully briefed, Plaintiff sought to commence discovery and Defendants sought to stay it. *See,* Nov. 14, 2023, Electronic Order. The parties raised their dispute before the presiding magistrate judge who instructed the parties to move forward and "agree upon a narrow set of document requests and interrogatories." *Id*. Defendants could have appealed the magistrate judge's order to this Court, but did not. Rule 72(a). Instead, the parties jointly submitted a status report proposing a schedule for initial discovery to progress, which the magistrate judge adopted. Letter, Dkt. Entry No. 43; Dec. 11, 2023, Electronic Order. Soon after, the parties raised a dispute regarding the scope of the "Attorneys' Eyes Only" provision of a protective order to the magistrate judge who found it premature. *See*, Feb. 15, 2024, Electronic Order. Thereafter, the parties exchanged discovery requests and responses and produced initial sets of documents. *See*, Non-Blackstone Defs.' Fee Mot. at 7-8. Plaintiff objected to Defendants' production and sent them a letter identifying perceived deficiencies. *Id.* at 8. The day after Plaintiff sent its letter, its claims were dismissed and the case was ended. Pl.'s Opp'n to Non-Blackstone Defs. at 8.

Plaintiff's behavior throughout discovery, and this litigation more generally, was not unreasonable. As Plaintiff states, it was "merely exercising rights allowed to them under the Federal Rules" when pursuing discovery. Pl.'s Opp'n to Non-Blackstone Defs. at 2. Because it did not act "beyond the scope of proper advocacy," this factor also weighs in Plaintiff's favor. *Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, 2011 WL 2565373, at *2 (S.D.N.Y. June 14, 2011).

8

### III.  Compensation and Deterrence

Finally, courts may consider whether attorneys' fees might "deter repeated instances of copyright infringement or overaggressive assertions of copyright claims." *Kirtsaeng*, 579 U.S. at 209.  Defendants argue that the Court should grant fees here to (1) generally deter pursuit of baseless claims; (2) compensate Defendants; and (3) serve the purposes of the Copyright Act by increasing public access to creative works.  Non-Blackstone Defs.' Fee Mot at 13; Blackstone's Reply at 5, 7.  Blackstone also argues that Plaintiff is a "serial copyright litigant" that must be deterred from filing future claims.  Blackstone's Reply at 6-7 (collecting cases where Plaintiff is a litigant).   Plaintiff claims that a fee award would undermine the purposes of the Copyright Act by "punish[ing it] for enforcing [its] rights as a copyright owner and deter[ring] other[s]."  Pl.'s Opp'n to Non-Blackstone Defs. at 24.  It also argues that deterrence is unnecessary because Plaintiff is not a "copyright troll[]" or a "serial litigant with a history of asserting unsuccessful copyright claims." *Id.* at 25.

"Because [Plaintiff's] copyright claim was objectively reasonable, it follows that an award of costs and fees to [Defendants] would not serve to deter baseless claims." *Silverstein*, 2008 WL 678559, at *4.  Moreover, Plaintiff is not a "copyright troll" or "serial litigant." *See, Creazioni Artistiche Musicali, S.r.l. v. Carlin Am., Inc.*, 2017 WL 3393850, at *4 (S.D.N.Y. Aug. 4, 2017)) (internal citations omitted) ("A copyright troll 'plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements.'"); *Grecco v. Age Fotostock Am., Inc.*, 2021 WL 5567615, at *4 (S.D.N.Y. Nov. 29, 2021) ("the fact that [Plaintiff] has filed [more than one hundred] infringement cases is not necessarily evidence of unreasonableness or bad faith, as such conduct is also consistent with there being widespread infringement of [Plaintiff's] work.").  In fact, Blackstone cites to only three cases from over ten years ago where Plaintiff previously

9

brought copyright claims.  *See*, Blackstone's Reply at 6-7 (additionally citing two cases in which Plaintiff was the *defendant*).  Punishing a valid copyright holder for pursuing an objectively reasonable claim would undermine the Copyright Act's purpose to ensure that the public can access creative works.  Therefore, this factor too leans in Plaintiff's favor.

## **CONCLUSION**

For the reasons set forth above, Defendants' fee motions are DENIED.

SO ORDERED.

Dated: Brooklyn, New York
March 26, 2025

                                        /s/
                            DORA L. IRIZARRY
                        United States District Judge